UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| DAVID K. MILLER and DEBBIE MILLER,<br><br>  Plaintiffs,<br><br>INDEMNITY INSURANCE CO. OF NORTH AMERICA,<br><br>  Intervenor Plaintiff,<br><br>V.<br><br>CRAIG LAWSON and SHORT MOUNTAIN TRUCKING I,<br><br>  Defendants. | CIVIL ACTION NO. 5:17-146-KKC<br><br><br><br><br><br><br>MEMORANDUM OPINION AND ORDER |

*** *** ***

This matter is before the Court on the defendants' motion for partial summary judgment. (DE 71). For the following reasons, the motion shall be **GRANTED**.

## I. INTRODUCTION

This dispute arises out of a car accident between Plaintiff David Miller and Defendant Craig Lawson, both of whom were operating semi-tractor trailers on Man O War Boulevard in Lexington, Kentucky, on March 8, 2016. (DE 1-1 at 2). It is alleged that Lawson operated his semi-tractor trailer in a negligent or grossly negligent manner such that he collided with the semi-tractor trailer operated by Miller after running a red light. (DE 71-1 at 2; DE 72 at 4). The plaintiffs filed this action in Fayette County Circuit Court on March 1, 2017, seeking relief through negligence, loss of consortium, and punitive damage claims. (DE 1; DE 1-1). The matter was removed to this Court on March 24, 2017, and the parties commenced discovery. (DE 1; DE 5).

1

The defendants now move for partial summary judgment, seeking the Court to dismiss the plaintiffs' punitive damages claim against both Lawson and his employer, Short Mountain Trucking I. The defendants argue that Lawson's alleged running of a red light alone fails to entitle the plaintiffs to punitive damages from Lawson. (DE 71-1). The defendants further argue that because no action of Lawson was grossly negligent, any punitive damages claim based on *respondeat superior* against Short Mountain Trucking I must be dismissed as well. *Id.*

## II. STANDARD OF REVIEW

A moving party is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to defeat a summary judgment motion, "[t]he nonmoving party must provide more than a scintilla of evidence," or, in other words, "sufficient evidence to permit a reasonable jury to find in that party's favor." *Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Summary judgment must be entered if, "after adequate opportunity for discovery," a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 940 (6th Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted)).

## III. ANALYSIS

### A. Defendant Lawson

Kentucky law permits the recovery of punitive damages for conduct that "exceed[s] ordinary negligence whether such conduct [is] expressed as gross negligence, recklessness, wantonness, or some other such term." *Williams v. Wilson*, 972 S.W.2d 260, 263 (Ky. 1998).

Actions constituting gross negligence need not be express: "it is possible that a certain course of conduct can be so outrageous that malice can be implied from the facts of the situation." *Kinny v. Butcher*, 131 S.W.3d 357, 359 (Ky. 2004).[1]

This Court has considered on multiple occasions whether the actions of semi-tractor trailer drivers constitute negligence or gross negligence. In *Turner v. Werner Enter., Inc.*, 442 F. Supp. 2d 384 (E.D. Ky. 2006), this Court "found that the defendant, a tractor-trailer driver, was not grossly negligent when, despite being sleepy, he decided to try to drive to the next truck stop, fell asleep and struck a pickup truck." *Oaks v. Wiley Sanders Truck Lines, Inc.*, 2008 WL 2859021, at *3 (E.D. Ky. July 22, 2008). Likewise, in *Estate of Embry v. Geo Transp. of Ind.*, 478 F. Supp. 2d 914 (E.D. Ky.2007), this Court found that a semi-tractor trailer driver committed no more than ordinary negligence when he fatally struck a car head-on after having a coughing fit and blacking out.

In contrast, Kentucky car accident cases where there is a finding of gross negligence typically involve some sort of extraordinary culpable conduct. For example, *Shortridge v. Rice*, 929 S.W.2d 194 (Ky. Ct. App. 1996), and *Stewart v. Estate of Cooper*, 102 S.W.3d 913 (Ky. 2003), both involved drunk driving accidents. *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 53 (Ky. 2003), presented eighteen (18) instances where the Louisville Water Co. misrepresented the dangerous nature of a highway, violated its own safety policies, and disregarded industry guidelines, evidencing a "reckless disregard" for the safety of persons and resulting in the death of two individuals.

Here, the plaintiffs argue that the defendants are liable for punitive damages due to Lawson's running his semi-tractor trailer through a red light. (DE 72 at 4). The mere

---

[1] *Kinney*—which the plaintiffs cite as favoring a finding of gross negligence that would support a punitive damages claim—actually held that a driver's "traveling at a possible speed of ten miles per hour in excess of the posted speed limit and failing to complete a pass before entering a no-passing zone constitute[s] nothing more than ordinary negligence." *Kinney v. Butcher*, 131 S.W.3d 357, 359 (Ky. 2004).

running of a red light does not align with the sort of malignant behavior described in Kentucky cases where punitive damages were permitted. *Turner v. Warner Enters., Inc.*, 442 F. Supp. 2d 384, 386 (E.D. Ky. 2006) ("Arlandson's alleged misconduct in this action, driving while sleepy, but within the speed limit, apparently within the proper lane, and without any suggestion of intoxication, does not match . . . the level of culpability of the drunk drivers in *Shortridge* and *Stewart*."). Further, this Court has already held that "to permit an award of punitive damages [] based on the mere negligent act of running a red light would render meaningless the distinction between ordinary and gross negligence and make almost any negligent act committed while driving a basis for the imposition of punitive damages." *Oaks v. Wiley Sanders Truck Lines, Inc.*, 2008 WL 2859021, at *3 (E.D. Ky. July 22, 2008). Thus, "as a matter of law," Lawson's alleged conduct does not rise to the level of gross negligence required for punitive damages, and the defendants' motion for partial summary judgment is granted as to Lawson. *Id.*

**B. Defendant Short Mountain Trucking I**

The plaintiffs' punitive damage claim must also be dismissed as to Lawson's employer, Short Mountain Trucking I. The plaintiffs' claims against Short Mountain Trucking I are based on *respondeat superior* theory. (*See* DE 1-1). It is axiomatic in this case that because the Court dismisses the plaintiffs' punitive damages claim against Lawson, the claim must also be dismissed against Short Mountain Trucking I. *Turner*, 442 F. Supp .2d at 387 ("The claims against Werner are based on a *respondeat superior* theory, and as the punitive damages claims against Arlandson are being dismissed, the punitive damages claims against Werner must be dismissed as well."); *see also Oaks*, 2008 WL 2859021, at *4. As such, the defendants' motion for partial summary judgment is also granted as to Short Mountain Trucking I.

## IV. CONCLUSION

The Plaintiff asserts that the "test at this stage of the proceeding is merely whether the Plaintiffs can offer *any* evidence by which a jury may conclude that the conduct of the Defendants amounted to gross negligence." (DE 72 at 8 (emphasis added)). This is incorrect. "[T]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient." *Sutherland v. Mich. Dept. of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). The nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Here, the plaintiffs assert that Lawson's running a red light is sufficient to establish gross negligence, opening the door to punitive damages. This too, however, is incorrect: running a red light is insufficient to establish gross negligence as a matter of law. *Oaks v. Wiley Sanders Truck Lines, Inc.*, 2008 WL 2859021, at *3 (E.D. Ky. July 22, 2008). Accordingly,

**IT IS ORDERED** that the defendants' Motion for Partial Summary Judgment, (DE 71), is **GRANTED**, and the plaintiffs' claims for punitive damages against Defendants Lawson and Short Mountain Trucking I are **DISMISSED WITH PREJUDICE**.

Dated October 16, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY