UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| DAVID K. MILLER and DEBBIE MILLER, | CIVIL ACTION NO. 5:17-146-KKC |
| Plaintiffs, | |
| INDEMNITY INSURANCE CO. OF NORTH AMERICA, | |
| Intervenor Plaintiff, | |
| V. | OPINION AND ORDER |
| CRAIG LAWSON and SHORT MOUNTAIN TRUCKING I, | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiff's motion to reconsider (DE 82). The Court finds no reason to subject the defendants to the expense of responding, and, for the following reasons, this motion is **DENIED**.

This dispute arises out of a car accident between Plaintiff David Miller and Defendant Craig Lawson. Specifically, Miller alleges that Lawson operated his semi-tractor trailer in a negligent manner such that he collided with the semi-tractor trailer operated by Miller after running a red light. (DE 71-1 at 2; DE 72 at 4). Lawson and Short Mountain Trucking I moved for partial summary judgment of Miller's punitive damages claims, correctly arguing that running a red light is insufficient for a finding of gross negligence. *Oaks v. Wiley Sanders Truck Lines, Inc.*, 2008 WL 2859021, at \*3 (E.D. Ky. July 22, 2008). As a finding of gross negligence is required to support punitive damages, this Court granted the defendants' motion and dismissed Miller's punitive damages claim. (DE 78).

1

Miller now seeks the Court to reconsider its previous ruling, alleging that Lawson was intentionally violating Short Mountain Trucking I's cell phone policy by talking on his cell phone as he ran the red light. (DE 82 at 2). Alternately, Miller requests that the Court certify a question to the Supreme Court of Kentucky. *Id.* (citing Ky. R. Civ. P. 76.37).

As noted, this Court has considered on multiple occasions whether the actions of semi-tractor trailer drivers constitute negligence or gross negligence. (DE 78 (citing *Oaks v. Wiley Sanders Truck Lines, Inc.*, 2008 WL 2859021, at *3 (E.D. Ky. July 22, 2008); *Estate of Embry v. Geo Transp. of Ind.*, 478 F. Supp. 2d 914 (E.D. Ky.2007); *Turner v. Werner Enter., Inc.*, 442 F. Supp. 2d 384 (E.D. Ky. 2006))). In general, the Court has found that semi-tractor trailer drivers are not grossly negligent when they run red lights, fall asleep while driving, or fatally strike cars while in the midst of a coughing fit. *Id.* In contrast, the Court has noted that cases permitting an allegation of gross negligence to proceed "typically involve some sort of extraordinary culpable conduct," such as drunk driving or the habitual, reckless disregard for law and the safety of others, resulting in death. *Id.* (citing *Stewart v. Estate of Cooper*, 102 S.W.3d 913 (Ky. 2003); *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 53 (Ky. 2003); *Shortridge v. Rice*, 929 S.W.2d 194 (Ky. Ct. App. 1996)).

In his motion for reconsideration, Miller argues that the defendants are liable for punitive damages not due to Lawson's alleged running his semi-tractor trailer through a red light, but through Lawson's alleged running of his semi-tractor trailer through a red light while *also* violating company policy by speaking on a cell phone. (DE 82 at 2). It has been noted that running a red light alone is insufficient. *Oaks v. Wiley Sanders Truck Lines, Inc.*, 2008 WL 2859021, at *3 (E.D. Ky. July 22, 2008). It is apparent, too, that driving while using a cell phone in violation of company policy is also insufficient alone to justify punitive damages. *Southard v. Belanger*, 966 F. Supp. 2d 727, 740 (W.D. Ky. 2013)

(citing *Horn v. Hancock*, 700 S.W.2d 419, 421 (Ky. App. 1985)). But no Kentucky court has yet considered whether (1) running a red light while (2) violating company policy by using a cell phone are sufficient together to establish gross negligence. *Id*. Thus, the Court is presented with the novel question: "do two wrongs make gross negligence?"

There is no need to certify this question to the Supreme Court of Kentucky, as it is resolved by a careful review of Kentucky law. *Southard v. Belanger*, 966 F. Supp. 2d 727, 740 (W.D. Ky. 2013), discussed a semi-tractor trailer diver's use of a cell phone in violation of company policy, "but [driving] within the speed limit, apparently in the proper lane, without any suggestion of intoxication, and without a prior history of automobile accidents." There, the Court held that the alleged misconduct—using a cell phone while driving in violation of company policy—did not elevate the driver's negligence to the level required for punitive damages. *Southard's* holding was based on *Horn v. Hancock*, 700 S.W.2d 419, 421 (Ky. App. 1985), which notably held that the intentional violation of a Kentucky transportation *statute*—not merely a company policy—did not justify punitive damages. *Southard* too makes an important point: while a corporation may forbid semi-tractor trailer drivers from using cell phones while driving, Kentucky law does not. Ky. Rev. Stat. Ann. § 189.292(2) (noting that speaking on a cell phone while driving is permissible under Kentucky law, and that texting while driving is permitted in certain scenarios).

Here, Miller's motions make no mention of speeding, aside from the allegation that Lawson ran a red light. (DE 72; DE 82). While Lawson may have been on his cell phone in violation of company policy, this was not in violation of Kentucky law. Ky. Rev. Stat. Ann. § 189.292. Like in *Oaks v. Wiley Sanders Truck Lines, Inc.*, the Record before the Court shows that Lawson, while he may have sped through a red light, was technically driving within the speed limit and in the proper lane. Like in *Southard*, while Lawson may have

violated company policy by using his cell phone, there is also no allegation of intoxication or any prior accident history. In light of all of these considerations, the Court again finds that Lawson's alleged conduct does not amount to gross negligence under Kentucky law. Ky. Rev. Stat. Ann. § 189.292(2); *Southard v. Belanger*, 966 F. Supp. 2d 727, 740 (W.D. Ky. 2013); *Oaks v. Wiley Sanders Truck Lines, Inc.*, 2008 WL 2859021, at *3 (E.D. Ky. July 22, 2008); *see also Turner v. Warner Enters., Inc.*, 442 F. Supp. 2d 384, 386 (E.D. Ky. 2006) ("Arlandson's alleged misconduct in this action, driving while sleepy, but within the speed limit, apparently within the proper lane, and without any suggestion of intoxication, does not match . . . the level of culpability of the drunk drivers in [punitive damages cases].").

In this case, two wrongs do not make gross negligence. Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for reconsideration, (DE 82) is **DENIED**.

Dated October 23, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY