UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| DAVID K. MILLER and<br>DEBBIE MILLER,<br><br>　　Plaintiffs,<br><br>INDEMNITY INSURANCE CO. OF<br>NORTH AMERICA,<br><br>　　Intervenor Plaintiff,<br><br>V.<br><br>CRAIG LAWSON and SHORT<br>MOUNTAIN TRUCKING I,<br><br>　　Defendants. | CIVIL ACTION NO. 5:17-146-KKC<br><br><br><br><br><br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court to determine whether it still has jurisdiction over this case now that the underlying tort claims have been resolved by settlement between the Plaintiffs and the alleged tortfeasors. The only remaining matter is a subrogation claim filed by Intervening Plaintiff, Indemnity Insurance Co. of North America ("Indemnity"). After reviewing the applicable law and pleadings, this Court finds by a preponderance of the evidence that it does not have subject matter jurisdiction over the subrogation claim. For the reasons stated below, the Court **ORDERS** that this matter is **DISMISSED** without prejudice and **STRICKEN** from the Court's active docket.

## I. BACKGROUND

David and Debbie Miller filed this personal injury lawsuit against Craig Lawson and his employer Short Mountain Trucking I for injuries David sustained in a traffic accident. (DE 1-1). After the accident, David Miller received workers compensation benefits provided by

1

his employer's insurance carrier, Indemnity Insurance Co. of North America ("Indemnity"). (DE 23-2 at 2.) To date, Indemnity has paid, to or on behalf of David Miller, a total of $49,581.71, which consists of $25,538.96 in medical benefits and $24,042.75 in lost wages and lost earnings ("indemnity benefits"). (DE 23-2 at 2.) Indemnity joined this suit under Federal Rule of Civil Procedure 24 seeking to exercise its subrogation rights under Ky. Rev. Stat. Ann. § 342.700. (DE 23-1 at 1.)

The Millers and Defendants settled all tort claims without regard to Indemnity's subrogation claim. (*See* DE 92). Accordingly, only Indemnity's subrogation claim remains pending before this Court.

## II. ANALYSIS

It is undisputed that when the Complaint was filed, this Court had subject matter jurisdiction over the case. There was complete diversity of citizenship and the claimed damages exceeded $75,000. Now that the Millers and the Defendants have settled their dispute, the question becomes whether this Court retains subject matter jurisdiction over Indemnity's subrogation claim.

### A. There is no diversity jurisdiction over the remaining claim under 28 U.S.C. § 1332 because the amount in controversy is not met.

As noted above, there is complete diversity of citizenship among the parties in this case. However, it appears that the amount in controversy is not met because Indemnity has only paid $49,581.71 in workers compensation benefits to the Millers. (DE 112-1 at 1).

Here, Indemnity asserts its subrogation rights under Ky. Rev. Stat. Ann. § 342.700, which provides that "[i]f compensation is awarded or paid under this chapter [the insurance carrier] having paid the compensation or having become liable therefor, may recover from the other person in whom legal liability for damages exists, not to exceed the indemnity and medical expenses paid and payable to or on behalf of the injured employee." In other words,

the insurer's right to recovery does not ripen until it has made a payment to or on behalf of a worker.

To date, Indemnity has paid $25,538.96 in medical benefits and $24,042.75 in indemnity benefits, for a total of $49,581.71. (DE 23-2 at 2.) Based on the record before it, the Court finds no substantial likelihood or reasonable probability that the amount in controversy will be met in this case because Indemnity cannot seek damages in excess of its entitlement. Accordingly, this Court finds by a preponderance of the evidence that Indemnity's subrogation claim does not exceed the required federal jurisdictional threshold of $75,000.

### B. 28 U.S.C. § 1367(b) does not grant this Court authority to exercise supplemental jurisdiction over Indemnity's claim.

Indemnity asserts that even if this Court lacks diversity jurisdiction, it should exercise supplemental jurisdiction under § 1367(c)(3) and (4). (DE 112 at 6.) § 1367(a) provides that a district court has supplemental jurisdiction over all other claims which form part of the same case or controversy, including claims by an intervening party. However, § 1367(b) limits the exercise of supplemental jurisdiction. "In any civil action of which the district courts have original jurisdiction founded solely on § 1332…the district courts shall not have supplemental jurisdiction under subsection (a) over claims…by persons…seeking to intervene as plaintiffs under Rule 24…when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of § 1332." 28 U.S.C. § 1367(b). This lawsuit was removed to the Eastern District of Kentucky solely on diversity grounds (DE 1), and Indemnity joined this lawsuit under Rule 24 (DE 23). Indemnity's subrogation claim is precisely the kind of claim prohibited by § 1367(b). Even if this Court were not prohibited from deciding the claim, it would decline to exercise its discretion to allow the claim under § 1367(c) because this case was settled, and the remaining issues are

secondary, not predominant. Furthermore, no exceptional circumstances exist to persuade this Court to exercise its discretion to hear the subrogation claim.

### C. This Court refuses to exercise its discretion to allow the claim under 28 U.S.C. § 1367(c).

Indemnity asserts that this Court may exercise its discretion to hear the subrogation claim under § 1367(c)(3) and (4). (DE 112 at 6.) § 1367(c)(3) states that a federal court may exercise its discretion to hear a supplemental claim, even when it has dismissed all claims over which it has original jurisdiction, and § 1367(c)(4) states that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if, in exceptional circumstances, there are other compelling reasons for declining jurisdiction." "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1998). Under this discretion, the relevant considerations include judicial economy, convenience, fairness, and comity. *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). However, when all federal claims are dismissed, "the balance of considerations usually will point to dismissing the state law claims or remanding them to state court." *Musson*, 89 F.3d at 1255.

Considering this Court's interpretation of § 1367(b) and the other relevant considerations listed above, this Court finds that the balance of considerations point to dismissal of Indemnity's state law subrogation claim. Indemnity has a right to subrogation that can easily be handled in state court, and state courts routinely handle such claims. *See, e.g. C.A. & I., Inc. v. Cook*, No. 2010-CA-001306-WC, 2011 WL 1367766 (Ky. Ct. App. Apr. 8, 2011); *Quillen v. Tru-Check, Inc.*, No. 2009-CA-000747-WC, 2009 WL 3337239 (Ky. Ct. App. Oct. 16, 2009); *Jewell v. Kentucky School Bd. Ass'n*, 309 S.W.3d 232 (Ky. 2010). Moreover, Indemnity is not prejudiced because § 1367(d) states that "[t]he period of

4

limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period." This means that the applicable statute of limitations is suspended while the claim is pending in federal court and for a period of thirty (30) days post-dismissal. *Artis v. District of Columbia*, 138 S. Ct. 594, 596 (2018). The applicable statute of limitations for a subrogation claim under Ky. Rev. Stat. Ann. § 342.700 is based on the statute of limitations of the underlying tort claim of the injured employee. *See Waters v. Transit Auth. Of River City*, 799 S.W.2d 56, 58 (Ky. Ct. App. 1990) ("We determine that the provision in the compensation act for recovery by an employer/his insurance carrier from a third-party tort-feasor for compensation paid or payable does not create a new cause of action, but merely transfers right of recovery."). As such, the one-year statute of limitations for personal injury actions in Ky. Rev. Stat. Ann. § 413.140(1)(a) applies. However, the one-year statute of limitations does not preclude participation by an insurer in a plaintiff's timely suit against a tortfeasor as an intervening plaintiff, even if the insurer's motion to intervene is filed outside of the limitations period. *Daugherty v. Reynolds Metals Co.*, 967 F. Supp. 240, 241–42 (W.D. Ky. 1997). In light of the foregoing, this Court construes Indemnity's claim as one "asserted under subsection (a)," and accordingly, Indemnity will have thirty (30) days from the date of this dismissal to refile its subrogation claim in state court.

### III. CONCLUSION

Based on the foregoing, this Court finds that it does not have subject matter jurisdiction to hear Indemnity's subrogation claim. This Court does not have original jurisdiction under 28 U.S.C. §§ 1331 and 1332 or supplemental jurisdiction under § 1367. This Court finds that § 1367(b) prohibits it from hearing Indemnity's subrogation claim because this case

was removed to federal court solely on diversity grounds, involves a claim by an intervenor under Fed. R. Civ. P. 24, and does not meet the amount in controversy jurisdictional requirement of § 1332. Moreover, even without the operation of § 1367(b), this Court refuses to exercise its discretion to hear Indemnity's subrogation claim under § 1367(c). Therefore, because this Court finds that it lacks subject matter jurisdiction to hear Indemnity's claim, pursuant to Fed. R. Civ. P. 12(h), we must dismiss this case.

Accordingly, the Court hereby **ORDERS** that this matter is **DISMISSED** without prejudice for lack of subject matter jurisdiction and **STRICKEN** from the Court's active docket.

Dated February 21, 2019.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY